IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JULIA O'NEIL, Individually and as Administrator of the Estate of LAWRENCE O'NEIL | PLAINTIFF |
| V.    NO. 3:10CV00095 | |
| MYLAN INC.; MYLAN PHARMACEUTICALS INC., and MYLAN TECHNOLOGIES, INC. | DEFENDANTS |

## ORDER

Pending is Defendants' motion to dismiss. (Docket # 6). Plaintiff has filed a response. For the reasons set forth herein, Defendants' motion is denied.

### Facts

Plaintiff, Julia O'Neil, Individually and as the Administrator of the Estate of Lawrence O'Neil filed this action against Mylan, Inc., Mylan Pharmaceuticals, Inc., and Mylan Technologies, Inc. on April 26, 2010. Plaintiff seeks to recover damages for personal injuries allegedly sustained by, and the wrongful death of Plaintiff's decedent, Lawrence O'Neil. Plaintiff claims that the Defendants' wrongful conduct in designing, developing, manufacturing, labeling, advertising, marketing, promoting and selling the prescription Fentanyl Patch caused Mr. O'Neil's death.

Defendants contend that Plaintiff's claims are pleaded with insufficient specificity so as to satisfy the federal pleading standards. Defendants ask the Court to dismiss Plaintiff's complaint for failure to state claims upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (2007).  The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

Applying this standard, the Court cannot say that Plaintiff has failed to state a claim showing that she is entitled to relief.  The allegations are sufficient to raise her right to relief above a speculative level and to give fair notice of her claims and the grounds upon which they rest.  Accordingly, accepting all of Plaintiff's allegations as true and granting all reasonable inferences in Plaintiff's favor, the Court finds that Defendants' motion to dismiss should be, and hereby is, denied.

IT IS SO ORDERED this 29th day of July, 2010.

/s/ James M. Moody
James M. Moody
United States District Judge